UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FAUSTO ENRIQUE URIAS and<br>BENITO JOYA,<br><br>　　　　Defendants. | Case No. CR-12-278-E-BLW<br><br>**PRELIMINARY ORDER OF<br>FORFEITURE** |

　　　　This matter having come before the Court on Plaintiff's Motion for Preliminary Order of Forfeiture (ECF No. 117), and based upon the record and filings herein, and the Rule 11 Plea Agreements of FAUSTO ENRIQUE URIAS (ECF No. 96 – filed August 5, 2013) and BENITO JOYA (ECF No. 95 – filed August 2, 2013), by which the defendants pled guilty to violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (URIAS and JOYA), 846 and 851 (URIAS), said pleas providing for forfeiture of any and all interests the defendants possessed in the Subject Property pursuant to 21 U.S.C. § 853(a)(1) and (2), including substitute assets;

　　　　NOW, THEREFORE, IT IS HEREBY ORDERED, that the United States' Motion for Preliminary Order of Forfeiture (docket no. 117) is GRANTED and the

**Order - 1**

defendants shall forfeit to the United States any property involved in or used in commission of the defendants' violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (URIAS and JOYA), 846 and 851 (URIAS), to include, but not be limited to, the following property (hereinafter "Subject Property"):

### AS TO FAUSTO ENRIQUE URIAS

1. <u>Cash Proceeds:</u> At least $100,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the offenses of conviction, or was received in exchange for the distribution of controlled substances, and was subsequently expended, spent, distributed or otherwise disposed of by the defendant.

2. <u>Substitute Assets:</u> If any of the properties and interests described above as being subject to forfeiture, as a result of any action or omission of the defendant above named:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty; it is the intention of the United States, pursuant to 21

**Order - 2**

U.S.C. § 853(p) to seek forfeiture of any other property of the said defendant up to the value of the forfeitable properties and interest herein.

## AS TO BENITO JOYA

1. <u>Cash Proceeds:</u>  At least $5,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the offenses of conviction, or was received in exchange for the distribution of controlled substances, and was subsequently expended, spent, distributed or otherwise disposed of by the defendant.

2. <u>Firearms and Ammunition Associated Therewith:</u>  An SKS, 7.62 X 39 mm rifle, bearing serial number 1818625, which is to be forfeited as a substitute asset.

3. <u>Substitute Assets:</u>  If any of the properties and interests described above as being subject to forfeiture, as a result of any action or omission of the defendant above named:

    1. Cannot be located upon the exercise of due diligence;

    2. Has been transferred or sold to, or deposited with, a third person;

    3. Has been placed beyond the jurisdiction of the court;

    4. Has been substantially diminished in value; or

    5. Has been commingled with other property which cannot be

**Order - 3**

subdivided without difficulty; it is the intention of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the said defendant up to the value of the forfeitable properties and interest herein. Pursuant to the Plea Agreement, the defendant agreed to the forfeiture of the SKS, 7.62 X 39 mm rifle, bearing serial number 1818625, as a substitute asset.

The Court has determined, based on the guilty pleas to Count One (URIAS) and Eleven (JOYA) of the Superseding Indictment, as set out in the defendants' plea agreements, that the above property is subject to forfeiture, pursuant to 21 U.S.C. § 853(a)(1) and (2), including the forfeiture of the firearm as a substitute asset.

The United States Attorney General (or a designee) is authorized to seize the above property, whether held by the defendants or by a third party, in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

The United States is further authorized, pursuant to Fed. R. Crim. P. 32(b)(3) and 32.2(c)(1)(B) to conduct any discovery, including depositions, necessary to (1) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to Section 853(n) herein. Such discovery shall be in accordance with the Federal Rules of Civil Procedure.

**Order - 4**

The United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish on an official government internet site (http://www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Federal Rule of Criminal Procedure 32.2(b)(6)(C). The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above-named defendants, asserting a legal interest in the Subject Property may, within sixty (60) days of the first publication date of the notice or within thirty (30) days of receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6), and made applicable pursuant to 28 U.S.C. § 2461(c).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the

**Order - 5**

nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in pursuant to 21 U.S.C. § 853(n)(2), and made applicable pursuant to 28 U.S.C. § 2461(c) for the filing of third party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall be and hereby is final as to the defendants and shall be made part of their sentences and included in the judgments at the time of sentencing.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**Order - 6**



DATED: August 30, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Order - 7**