UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  vs.<br><br>FAUSTO ENRIQUE URIAS and<br>BENITO JOYA,<br><br>       Defendants. | Case No. 4:12-CR-278-BLW<br><br>**FINAL ORDER<br>OF FORFEITURE** |

WHEREAS, on August 30, 2013, this Court entered a Preliminary Order of Forfeiture (ECF No. 118), on August 27, 2014 a Supplemental Preliminary Order of Forfeiture Pursuant to Rule 32.2 (ECF No. 251) was filed, based upon the Rule 11 plea agreements of FAUSTO ENRIQUE URIAS (ECF No. 96 – filed August 5, 2013) and BENITO JOYA (EFC No. 95 – filed August 2, 2013), forfeiting properties described in the forfeiture allegation of the Superseding Indictment and as set out in the Preliminary and Supplemental Preliminary Orders of Forfeiture.

WHEREAS, the United States caused notice of the above-referenced forfeiture order to be published and sent in accordance with the requirements of Federal Rule of Criminal Procedure 32.2(b)(6), including publication on an official government internet site (www.forfeiture.gov) as required by Rule G(4)(a)(iv)(C)

FINAL ORDER OF FORFEITURE - 1

of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, as required by Rule 32.2(b)(6)(C);

AND WHEREAS, no claims were filed.

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion for Final Order of Forfeiture (docket no. 257) is GRANTED. The Court further directs the United States Marshals Service to forthwith seize all of the forfeited properties, not heretofore seized, which are described below.

IT IS FURTHER ORDERED, that the right, title and interest to the hereinafter described property is hereby condemned, forfeited and vested in the United States of America, and that no claim of interest in said property shall exist in any other person or entity, and that said property shall be disposed of according to law:

1. The property to be forfeited is described as follows:

### **AS TO FAUSTO ENRIQUE URIAS**

a. <u>Cash Proceeds</u>: At least $93,245.00 (a $100,000 money judgment less credits given of $6,755 for the forfeiture of the personal property identified below), in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the charged offenses, or was received in exchange for the distribution of controlled substances, and was subsequently

expended, spent, distributed or otherwise disposed of by the defendant, and as to which the defendant is liable.

    b. <u>Personal Property</u>:

        a. Sony Laptop Computer Model Number PCG-51211L;

        b. DVR Model Number ST4500 serial number 3R-S04-110-0004;

        c. LG TV model number 47LD450-UA serial number 006RMZCAQ549;

        d. Toshiba Laptop Computer model number PSLD8U-08201E partial serial number 29541765;

        e. Royal Sovereign Money Counter model number RBC-1003BK serial number K08H11025137;

        f. Four closed circuit security cameras; and

        g. Grey in color 2002 Chevrolet Suburban, VIN 1GNFK16ZX2J123941.

## **<u>AS TO BENITO JOYA</u>**

    a. <u>Cash Proceeds</u>: At least $4,700.00 (a $5,000 money judgment less credit given of $300 for the forfeiture of personal property identified below), in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the charged offenses, or was received in exchange for the distribution of controlled substances, and was subsequently expended, spent, distributed or

otherwise disposed of by the defendant, and as to which the defendant is liable.

  b. <u>Firearms and Ammunition associated therewith</u>:

   An SKS, 7.62 X 39 mm rifle, bearing serial number 1818625, which is to be forfeited as a substitute asset.

Having clear title, and pursuant to 21 U.S.C. § 853(n)(7), the United States may warrant good title to any subsequent purchaser or transferee.

IT IS FURTHER ORDERED that any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposit, as well as income derived as a result of the United States Department of Justice's management of any property forfeited herein, and the proceeds from the sale of any forfeited property, after the payment of costs and expenses incurred in connection with the forfeiture, sale and disposition of the forfeited property, and the payment of mortgages as noted herein, shall be deposited forthwith by the United States Department of Justice into the Justice Asset Forfeiture Fund in accordance with 21 U.S.C. § 881(e).

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order and as to related forfeiture matters herein; and

IT IS FURTHER ORDERED that all parties herein shall bear their own

costs and fees.



DATED: January 23, 2015

B. Lynn Winmill
Chief Judge
United States District Court

FINAL ORDER OF FORFEITURE - 5